UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOSEPHINE T. VITO              ]
    Petitioner,                ]
                               ]
v.                             ]       No. 3:11-0840
                               ]       Judge Campbell
STATE OF TENNESSEE             ]
    Respondent.                ]


# M E M O R A N D U M

The petitioner, proceeding *pro se*, is a citizen of the Philippines who is currently confined at the Federal Detention Center in Oakdale, Louisiana. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee, seeking a writ of habeas corpus.

## I. BACKGROUND

On August 13, 2007, the petitioner pled guilty in Rutherford County to one count of aggravated statutory rape. Docket Entry No.1 at pg.1. For this crime, he received two years of probation with a suspended two year sentence. *Id.* Having pled guilty, there was no direct appeal of the conviction taken by the petitioner. *Id.* at pg.2.

On April 28, 2010, officers from the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement took

1

the petitioner into custody. Apparently, his immigration status coupled with a prior felony conviction has prompted removal proceedings.

In April, 2011, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Rutherford County. Shortly thereafter, the trial court summarily dismissed the post-conviction petition as untimely. Docket Entry No.1, Exhibit No.1. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Id.* at Exhibit No.2. The petitioner is currently awaiting disposition of his application for further review in the Tennessee Supreme Court. *Id.* at pg.13.

## II. PROCEDURAL HISTORY

On July 7, 2011, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition contains four listed claims for relief. These claims include :

> 1) the petitioner was denied the effective assistance of counsel when his attorney incorrectly advised him "that he did not think that his conviction of aggravated statutory rape in violation of T.C.A. § 39-15-506 would trigger removal (formerly

---

[1] The petition was stamped by the Clerk's Office as received on September 1, 2011. A pleading from a prisoner, however, is deemed to be filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner avers that his petition was given to prison officials for posting on July 7, 2011. *See* Docket Entry No.1 at pg.19.

2

>  deportation) proceedings."[2]

> 2) the petitioner was denied meaningful access to the courts when, on July 13, 2010, employees of the Bureau of Prisons moved him to a special housing unit where he did not have adequate access to a law library. This prevented him from filing a timely post-conviction petition.
>
> 3) the state trial court denied the petitioner due process when it refused to grant him a post-conviction evidentiary hearing.
>
> 4) the decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010) should have been applied retroactively to afford the petitioner relief.[3]

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.6), to which the petitioner has offered no reply. Having carefully considered this pleading and the record as a whole, it appears that an evidentiary hearing is not needed in

---

[2] The petitioner was represented by Stephen Young, a member of the Davidson County Bar.

[3] In Padilla v. Kentucky, supra, the Supreme Court held that a resident alien's constitutional right to the effective assistance of counsel in a criminal proceeding requires an attorney to advise his client of the collateral immigration consequences of a guilty plea.

3

this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. ANALYSIS OF THE CLAIMS

**1.) Post-Conviction Claims**

The petitioner claims that his transfer to a special housing unit prevented him from filing a timely post-conviction petition (Claim No.2). He further asserts that he was denied due process when the state trial court would not conduct a post-conviction evidentiary hearing (Claim No.3).

These claims do not arise from the petitioner's underlying conviction for aggravated statutory rape. Rather, they are challenges to his ability to seek collateral review of the conviction.

A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. Pennsylvania v. Finley, 481 U.S. 551 (1987). Thus, petitioner's second and third claims which allege nothing more than errors in a state post-conviction proceeding are not cognizable in a § 2254 action. Kirby v. Dutton, 794 F.2d 245 (6th Cir.1986).

**2.) Timeliness of Petitioner's Remaining Claims**

In his Motion to Dismiss, the respondent argues that

4

petitioner's remaining claims, i.e., the ineffective assistance of counsel (Claim No.1) and petitioner's <u>Padilla</u> claim (Claim No.4), are untimely. These claims are essentially the same since the <u>Padilla</u> claim is nothing more than the legal basis for petitioner's ineffective assistance claim.

A one year period of limitation has been placed on the filing of § 2254 petitions. This limitation period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The petitioner's ineffective assistance of counsel claim arose when the Supreme Court, in <u>Padilla</u>, recognized that an attorney was ineffective if he failed to advise his client, a resident alien, of the collateral immigration consequences of a guilty plea to a

5

felony charge. Therefore, subsection (C) is the appropriate starting point for a timeliness calculation.[4]

The Padilla decision was entered on March 31, 2010. As a consequence, the petitioner had one year from this date, or until March 31, 2011, in which to initiate the instant action. As noted above, the petition initiating this action was filed on July 7, 2011. Therefore, at first blush, it would appear that the respondent is correct in asserting that this action is untimely.

It should be noted, however, that the limitation period is statutorily tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this case, the petitioner did file a *pro se* post-conviction petition in the Circuit Court of Rutherford County on April 14, 2011, two weeks after the limitation period had expired. Docket Entry No.1, Exhibit No.3 at pg.1. Because the limitation period had already expired, petitioner's post-conviction petition had no tolling effect. Petitioner's claims, therefore, are untimely.

The limitation period does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d

---

[4] The Sixth Circuit Court of Appeals has not yet ruled on whether the holding in Padilla has been made retroactively applicable to cases on collateral review. However, out of an abundance of caution, the Court shall presume arguendo that Padilla is applicable here.

626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. Pace v. DiGuglielmo, 544 U.S. 408,418 (2005).

In this regard, the petitioner's sole explanation for his delay is the fact that he was transferred to a special housing unit on July 13, 2010 where he had inadequate access to a law library. *See* Claim No.2. In essence, then, the petitioner is asserting that he was not knowledgeable enough to file his habeas corpus petition in a timely manner. A petitioner's ignorance of the law, however, is not sufficient, in and of itself, to justify the equitable tolling of the limitation period. Rose v. Dole, 945 F.2d 1331,1335 (6th Cir.1991). Thus, the petitioner has failed to demonstrate that the limitation period should be equitably tolled so as to allow the untimely filing of his claims.

### IV. Conclusion

The petitioner's second and third claims are not actionable because he is merely raising claims that arose from the collateral review of his federal claims. The petitioner's first and fourth

7

claims are untimely. As a consequence, the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Todd Campbell
　　　　　　　　　　　　　　　　　United States District Judge